Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000151
21-JUL-2017
09:55 AM

NO. CAAP-17-0000151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES S. MOORE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DTA-16-02427)

ORDER GRANTING APRIL 13, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant-Appellant James S. Moore's (Appellant Moore) April 13, 2017 motion to dismiss his own appeal in appellate court case number CAAP-17-0000151 for lack of appellate jurisdiction, (2) the lack of any response by Plaintiff-Appellee State of Hawai'i to Appellant Moore's April 13, 2017 motion to dismiss, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Moore's appeal from the Honorable Michael A. Marr's February 14, 2017 judgment of conviction for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-61 (Supp. 2016).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" Hawaii Revised Statutes (HRS) § 602-57(1) (2016). HRS § 641-12 (2016) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." It appears that the February 14, 2017 judgment did not include the district court's complete and final decision regarding sentencing, because the February 14, 2017 judgment indicated that the district court intended to resolve an outstanding issue whether the district court would impose restitution as a part of Appellant Moore's sentence. Under similar circumstances, we have previously held that a district court judgment was not final and appealable unless the sentence was final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Therefore,

//

//

//

//

//

//

//

2

IT IS HEREBY ORDERED that Appellant Moore's April 13, 2017 motion to dismiss appellate court case number CAAP-17-0000151 for lack of appellate jurisdiction is granted.

DATED: Honolulu, Hawaiʻi, July 21, 2017.

Presiding Judge

Associate Judge

Associate Judge

3